UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20100-CR-SEITZ

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**ADRIANA MEJIA,**
    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On or about July 30, 2012, court-appointed defense counsel Alberto Sarasua ("Counsel") submitted a voucher application numbered FLS 11 2358 with appended time sheets requesting $60,528.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel later submitted a pleading entitled "CJA 20 Addendum For Judge Magistrate Consideration" in support of his voucher application.

Counsel represented Defendant Adriana Mejia ("Defendant") from February 18, 2011 until March 14, 2012 and seeks compensation for this time in the voucher application. Counsel seeks $60,528.50 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 1250]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering
## the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex and extended. This case was indeed complex.

The very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned an Indictment **[DE # 3]** charging twenty defendants with numerous crimes including conspiracy to commit health care fraud, conspiracy to receive and pay health care kickbacks, health care fraud, money laundering, conspiracy to commit money laundering and structuring to avoid reporting requirements.

Defendant was specifically named in Counts 14, 20-27, 31-34 and 37-38. In Count 14, Defendant was charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In Counts 20-27, Defendant was charged with money laundering in violation of 18 U.S.C. § 1957. In Counts 31-34, Defendant was also charged with money laundering. In Counts 37-38, Defendant was charged with structuring to avoid reporting requirements in violation of 31 U.S.C. § 5324(a)(1) and (d)(2).

Defendant faced a separate maximum term of twenty years imprisonment for the conspiracy to commit money laundering charge. Defendant faced a term of ten years imprisonment as to each of the money laundering charges in Counts 20-27, twenty years imprisonment as to each of the money laundering charges in Counts 31-34 and ten years imprisonment as to each of the structuring to avoid reporting requirements charges in Counts

37-38.

Just five months after being indicted, Defendant entered a plea of guilty to Count 14. **[See DE # 511]**. Defendant was sentenced to a term of 35 months.  **[See DE # 680]**.

The number of defendants and the number of charges Defendant faced in this multi-defendant case rendered  this case more complex than the average case.  It is clear from the record that the legal and factual issues in this case were unusual.

Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case.  I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 2.6 in-court hours totaling $325.00.

The CJA administrator also reviewed the 481.5 out-of-court hours sought by Counsel. Counsel sought compensation for 35.7 hours for "Interviews and conferences" and 430.4 hours for "Obtaining and reviewing records."   Counsel also sought compensation for 9.4 hours for "Legal research and brief writing" and 6.0 hours for "Travel time." Finally, Counsel sought $16.00 in Travel Expenses."

## In-Court Hours[1]

Counsel sought compensation for 2.6 in-court hours totaling $325.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. I approve $325.00 as reasonable.

## Out-of-Court Hours

Although Counsel incurred only 2.6 in-court hours, Counsel requested compensation for 481.5 out-of-court hours in this case. In initially reviewing Counsel's voucher application, I was immediately struck by the extremely large number of out-of-court hours billed by Counsel. Of the 481.5 out-of-court hours sought by Counsel, Counsel incurred the vast majority, 430.4 hours, in the category "Obtaining and reviewing records." The 430.4 hours amounts to a total of $53,800.00 in attorney's fees.

In reviewing the voucher, Counsel's entries in the "Obtaining and reviewing records" consist of reviewing discovery. The entries were so unspecific, however, that the undersigned could not determine the purpose of the entries. Counsel's voucher contained the following entries, for example:

file number 20110110154012170 length 268 pages time 3.5 hours

\*\*

file number 20110110162143075 length 133 pages time 1.6 hours

\*\*

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

       cancelled checks (2002/03) length 515   time 2.3 hrs

**

       Amer Sleep BZCCHKDNG length 385 time 1.6 hrs

**

       ATC002381 licenses, and gov docs for licensing, length 102 time 1.6 hrs

**

       ATC0018567 (Flash reps-Boca, Homestead, FtLaud, Miami) (Format change at page 750 ends 796, back 836 ends 843, back 865 end 891, back 900 end 903, back 916 couple pages, end at ATC0019910)

**

       ATC015005-16981 (150 files) length 1994   time 2.5 hrs

**

Counsel's voucher includes seventy-one (71) single-spaced pages of similarly vague entries. The scant information provided by Counsel on the voucher did not provide the undersigned with the information needed to determine whether the out-of-court hours Counsel incurred was justified.

Accordingly, I requested that Counsel come to chambers to explain these vague entries. Counsel and I met and discussed my concerns regarding the significantly large number of vague entries included in the voucher. Counsel explained that he had incurred 430.4 hours for reviewing the extensive discovery in this case.

Given that Counsel represented Defendant for less than 5 months before she entered a guilty plea in this case, however, I did not believe that Counsel was justified for billing such a large number of hours for reviewing documents in this case. Therefore, following our

meeting, I asked Counsel to produce the actual documents that he reviewed so that I could determine whether it was reasonable for Counsel to have incurred more than $50,000.00 in attorney's fees for reviewing discovery in this case.

I have now reviewed the discs containing the discovery in this case. While the undersigned recognizes that there was a large amount of discovery in this case, it is clear that Counsel charged an increment of time for <u>every</u> page of discovery in this case regardless of the length of time it actually took to review the actual document. This is not appropriate. Moreover, I note that many of the pages on the discs were illegible, simple clerical documents (such as data entry documents) or other simple documents (such as canceled checks, deposit slips or corporate incorporation documents), that did not require anything more than Counsel glancing at the page and moving onto the next document without pause.[2]

I recommend that Counsel should be compensated for 100 hours for "Obtaining and reviewing records."[3] I conclude that my reduction of the number of hours Counsel sought for "Obtaining and reviewing records" from 430.4 hours to 100 hours results in fair compensation for Counsel. I find, however, that the remaining out-of-court hours in the voucher application

---

[2] Moreover, I note that my reduction brings Counsel's voucher closer in line to the voucher submitted by the other CJA lawyer who similarly represented a defendant that entered a plea of guilty early on and who did not proceed to trial. Attorney Franz Parke sought compensation for only 149.5 out-of-court hours totaling $18,687.75. Attorney Parke incurred only 26.5 hours of "Obtaining and reviewing documents" for a total of $3,312.50. By contrast, Counsel billed 430.4 hours, totaling $53,800.00 for "Obtaining and reviewing documents." This is a difference of more than $50,000.00.

[3] I recommend that Counsel be compensated for 100 hours spent "Obtaining and reviewing documents." 100 hours is nearly 5 times the amount of hours Attorney Parke incurred for "Obtaining and reviewing documents."

are appropriate. Factoring in all of the deductions described above, I recommend that Counsel should be paid $18,887.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).

As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $18,887.50 for out-of-court hours, is fair. While this is a massive reduction from the amount Counsel billed, I conclude that Counsel's request for $53,800.00 for reviewing discovery is not reasonable and Counsel's request should not be countenanced.

### Expenses

Counsel sought $16.00 in "Travel Expenses." I hereby approve the requested amount of $16.00.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $19,228.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 15 day of January, 2013.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Alberto Sarasua, Esq.
    Lucy Lara, CJA administrator